IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILORAD OLIC, | No. 2:15-cv-1892-KJM-CMK |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION |
| CDCR DIRECTOR JEFFREY BEARD, | |
| Defendant. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied

if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff's Statement of Claim in its entirety states as follows:

> On September 3rd, 2015 at 2:00 p.m. I was told to leave to R&R. I haven't been notified of any transfer, I was not told to transpack, I was not given any plastic bags to put my property in it. I was told that transfer order came directly from Sacramento indicating that CDRC Director Jeffery Beard himself issued this order since only he can issue order to wardens of California prisons. I was then told that I'm going to High Desert Prison where officer Albert Payne tried to kill me on May 5th, 2015. I was the only prisoner scheduled to be transferred. I have court deadline of 9/15/15 for case 2:14-cv-2120-KJM-GGH pending in this court and I need to stay here to submit my documents.

The only relief Plaintiff is requesting is: "I need to stop transfer immediately to prevent me from getting murdered by CDCR. I'm seeking injunctive order to stop this."

## II. DISCUSSION

Prisoners have no liberty interest in avoiding being transferred to another prison. See Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215, 225-27 (1976); United States v. Brown, 59 F.3d 102, 105 (9th Cir. 1995) (per curiam). Inmates have "no justifiable expectation" that they will be incarcerated in any particular prison, and transferring an inmate to another prison does not infringe a protected liberty interest. Olim, 461 U.S. at 245; Vitek v. Jones, 445 U.S. 480, 489 (1980). To the extent plaintiff is requesting the court to order that he remain at a particular prison to facilitate prosecuting a legal action, he has no liberty interest and therefore cannot state a claim.

It is possible plaintiff is attempting to allege a violation of his Eighth Amendment

rights. To that extent, it is noted that the treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

Under these principles, prison officials have a duty to take reasonable steps to protect inmates from physical abuse. See Hoptowit v. Ray, 682 F.2d 1237, 1250-51 (9th Cir. 1982); Farmer, 511 U.S. at 833. Liability exists only when two requirements are met: (1) objectively, the prisoner was incarcerated under conditions presenting a substantial risk of serious harm; and (2) subjectively, prison officials knew of and disregarded the risk. See Farmer, 511 U.S. at 837. The very obviousness of the risk may suffice to establish the knowledge element. See Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995). Prison officials are not liable, however, if evidence is presented that they lacked knowledge of a safety risk. See Farmer, 511 U.S. at 844. The knowledge element does not require that the plaintiff prove that prison officials know for a certainty that the inmate's safety is in danger, but it requires proof of more than a mere suspicion of danger. See Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986).

Finally, the plaintiff must show that prison officials disregarded a risk. Thus, where prison officials actually knew of a substantial risk, they are not liable if they took reasonable steps to respond to the risk, even if harm ultimately was not averted. See Farmer, 511 U.S. at 844.

To the extent plaintiff alleges his safety is at risk by a transfer to High Desert State Prison, he fails to allege the defendant actually placed him in harms way. There is no indication that plaintiff was ever transferred to High Desert State Prison, nor that there was any actual intent to do so. Rather is appears that plaintiff's allegations are based on his own speculation or rumor, which are insufficient to state a claim for failure to protect. Nor is there any plausible indication that his safety was ever actually in danger.

### III. CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that plaintiff's complaint be dismissed for failure to state a claim and this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 27, 2017

CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE